THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARUCH MAPPA, Appellant, et al., Defendant.

First Department, February 3, 1959.

■

*M. Arthur Hammer* of counsel (*Martin Gallin,* attorney), for appellant.

*Robert L. Ellis* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* This appeal is from four separate judgments of conviction of violations of the Multiple Dwelling Law entered on a plea of guilty before a City Magistrate sitting as a Court of Special Sessions.

It is the contention of defendant-appellant that on the arraignment he was never advised that he had the right to be tried by a bench of three Justices of the Court of Special Sessions (N. Y. City Crim. Cts. Act, § 131). The transcript of the minutes of the proceedings, which purports to be a full record of everything that took place, indicates at least prima facie, that defendant-appellant was not so advised and is sufficient to meet the presumption of regularity attested to by the documentary record of the convictions (*People* v. *Richetti,* 302 N. Y. 290, 298). If defendant was not advised of his rights, the subsequent proceedings herein were jurisdictionally defective and of no force and effect (*People* v. *Genova,* 273 App. Div. 496).

Defendant failed to raise this jurisdictional objection in the court below by means of an appropriate motion or proceeding addressed to this issue. It has been raised for the first time on this appeal, so that the People have never had an opportunity to come forward to refute defendant's charges and offer evidence sustaining the *pro forma* documentary recitation that defendant had been advised of his rights. Ordinarily, we would not disturb the judgment itself without first affording the People such an opportunity. A hearing on the issue as to whether defendant was properly advised of his rights is indicated, either on remand upon this appeal or upon subsequent

independent application. Since the matter must be remanded in any event, in view of the general climate and circumstances surrounding the arraignment and sentencing, we believe that in the interests of justice the judgments of conviction should be set aside, and the matter remanded for rearraignment and new proceedings thereon.

The judgments appealed from should be reversed, on the law and the facts and in the exercise of discretion, and matter remanded to the Magistrate's Court for rearraignment and further proceedings.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK and VALENTE, JJ., concur.

Judgments unanimously reversed, upon the law and upon the facts and in the exercise of discretion, the pleas vacated, the fines remitted and the proceedings herein remanded to the City Magistrate sitting as a Court of Special Sessions, at Municipal Term, Borough of Manhattan, for rearraignment and further proceedings in accordance with the *Per Curiam* opinion herein.